## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KASSEM HEJEIJ**<br>    Rouche District, Albahri Building<br>    Beirut, Lebanon<br>                              *Plaintiff*,<br><br>    v.<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>    **Director of the**<br>    **United States Department of the Treasury's**<br>    **Office of Foreign Assets Control**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                              *Defendant*,<br><br>    and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                              *Defendant*. | **COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF**<br><br>CIV. No. _____<br><br>ECF |

Plaintiff Kassem Hejeij (hereinafter referred to as "Hejeij") brings this Complaint for Declaratory and Injunctive Relief against Defendants, Director of the United States Department of the Treasury's Office of Foreign Assets Control, Andrea M. Gacki, and the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"), and in support of this complaint alleges:

## INTRODUCTION

1.      On June 10, 2015, Hejeij, a Lebanese citizen, was sanctioned by Defendant OFAC pursuant to Executive Order ("E.O.") 13224 for allegedly providing support and services to Hizballah, a person also designated under E.O. 13224.  As a result of that designation, Hejeij was identified as a Specially Designated Global Terrorist ("SDGT") on the Specially Designated Nationals and Blocked Persons List ("SDN List") administered by OFAC.

2.      Over two years later, Hejeij initiated a challenge to his designation seeking the designation's rescission and the removal of his name from the OFAC SDN List.  As part of this effort, Hejeij filed a delisting petition to OFAC seeking relief through OFAC's administrative reconsideration process.

3.      During the administrative reconsideration process, Hejeij provided information and documents relevant to OFAC's reconsideration of his designation.  He also responded to an information request from OFAC; sought OFAC's disclosure and clarification as to OFAC's reasons for the designation and the information they relied upon to designate him; and proposed a Terms of Removal Agreement offering remedial measures that he would undertake which would negate what he understood the basis of his designation to be.

4.      The Defendants have responded with silence, rejection, and delay.  They have sought information from Hejeij on only one occasion in the nearly 21 months since he filed his delisting petition.  Their disclosure of the administrative record underlying Hejeij's designation was almost entirely redacted.  When Hejeij sought an unclassified summary of the information withheld from that disclosure, OFAC failed to oblige the request.  When Hejeij sued Defendants seeking disclosure of that summary, it was provided at the last minute before their answer to the

complaint was due and it lacked details about the who, what, where, and when of the conclusory allegations that it contained. When Hejeij asked for clarifications as to the summary, OFAC denied it a mere two days later with a curt letter informing him that they had already given him all that they were going to give him. When Hejeij put forward proposed remedial measures and requested a Terms of Removal Agreement, Defendants ignored it. Simply put, Defendants have no interest in rescinding Hejeij's designation nor even processing his delisting request.

5.      Defendants' delay and refusal to adjudicate Hejeij's delisting petition is unreasonable. Further, their maintenance of Hejeij's designation in light of the information provided to them is arbitrary and capricious, and not in accordance with the law. Thus, Hejeij turns to the Court for assistance. Without judicial review, Defendants will continue to unreasonably delay adjudication of Hejeij's reconsideration petition and ignore the strong factual support in favor of delisting. Considering the significant economic and reputational consequences inherent in an OFAC designation, the longer this delay lasts, the longer the harm to Hejeij will magnify.

## JURISDICTION AND VENUE

6.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, the United Nations Participation Act, 22 U.S.C. § 287c, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7.      This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65.

8.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside.  *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

9.      Kassem Hejeij is and was at all times relevant to this complaint a citizen of Lebanon. Hejeij currently resides at Rouche District, Albahri Building, Beirut, Lebanon.

10.      Hejeij is designated under E.O. 13224, and his name appears on the SDN List maintained and administered by OFAC.

11.      OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220.  The Department of the Treasury is responsible for maintaining the financial and economic security of the United States and for overseeing various offices, including OFAC.  OFAC is responsible for administering U.S. economic sanctions programs, including, *inter alia*, by designating persons under E.O. 13224 and regulating dealings with them via 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures, and Penalties Regulations" and the "Global Terrorism Sanctions Regulations," respectively.  OFAC and its Director were responsible for designating Hejeij under E.O. 13224.

12.      Defendant Andrea M. Gacki is the Director of OFAC.  Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.      OFAC's June 10, 2015 Designation of Hejeij

13.      On June 10, 2015, OFAC designated Hejeij under E.O. 13224 for allegedly providing financial, material, or technological support for, or services to or in support of, Hizballah.

As a result of this designation, all of Hejeij's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him.  Further, foreign persons can themselves be sanctioned for acting for or on Hejeij's behalf, being owned or controlled by him, or providing material, financial, or technological support or services to him or on his behalf.  Foreign financial institutions may also be subject to secondary sanctions for engaging in significant transactions with Hejeij.

14.    OFAC announced Hejeij's designation through issuance of a press release containing a series of conclusory allegations in support of the designation.  OFAC's press release alleged that Hejeij 1) "helped open bank accounts for Hizballah in Lebanon;" 2) "provided credit to Hizballah procurement companies;" and 3) "invested in infrastructure that Hizballah uses in both Lebanon and Iraq." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Hizballah Front Companies and Facilitators in Lebanon and Iraq (June 10, 2015).  In addition, the press release stated that Hejeij provided support to Adham Tabaja—a person designated under E.O. 13224 at the same time as Hejeij—and his affiliated companies in Iraq. *Id*.

15.    OFAC's press release did not provide any supporting details for these conclusory allegations.  For instance, the press release did not identify when Hejeij "open[ed] bank accounts for Hizballah in Lebanon;" the names of the persons representing Hizballah for whom Hejeij is alleged to have opened accounts; or where those accounts were opened.

### B.    Hejeij's Administrative Challenge to His Designation

16.    On October 2, 2017, Hejeij filed a formal request for administrative reconsideration of his designation pursuant to OFAC's Procedures Governing Delisting from the Specially Designated Nationals and Blocked Persons List, 31 C.F.R. § 501.807.  Hejeij's delisting petition

argued that the factual bases, conclusions, and reasons relied upon for his designation—to the extent they could be discerned—were erroneous, and that the circumstances OFAC had initially relied upon to support the designation no longer existed, thus negating the basis of the designation.

17.     Since that time, OFAC has issued only one questionnaire seeking information purportedly related to their review of the delisting petition.  That questionnaire was issued over 14 months ago, on March 12, 2018.  On June 8, 2018, Hejeij responded to that questionnaire with responsive information and supporting documentation.

18.     On June 11, 2018, Hejeij sought to enter into negotiations for a Terms of Removal Agreement.  Through those negotiations and the agreement that would result, Hejeij proposed that in exchange for a rescission of his designation, Hejeij would, *inter alia*, 1) sever and/or refrain from ever again having any dealings of any nature whatsoever with Adham Tabaja or any companies owned or controlled by them; 2) that he would not return to, or be employed in any operational, executive, managerial position in any financial institution for a five year period following; and 3) that he would not extend any lines of credit,  in either a personal or professional capacity, to any companies for a five year period.

19.     He also provided additional information and documents relevant to OFAC's consideration of his delisting petition on February 22, 2019.  OFAC has acknowledged that submission, but has not requested any additional, clarifying, or corroborating information since that time.

### C.     Hejeij's Efforts to Discern OFAC's Bases, Conclusions, and Reasoning for his Designations

20.     Hejeij sought clarification as to the bases, conclusions, and reasoning relied upon by OFAC in support of its designation action.  Hejeij sought this clarification by filing a request for disclosure of the administrative record compiled in support his designation and an unclassified

summary of any classified or otherwise privileged information contained in that record. That request was filed on October 2, 2017. Having not received a response from OFAC, Hejeij also filed a follow-up letter seeking disclosure of that administrative record on March 7, 2018.

21.     OFAC responded to Hejeij's request for the administrative record on April 19, 2018 with an unclassified copy of the record which consisted of 21 pages. Both the "Background" and "Basis of Designation" sections of that record were completely redacted, other than a heading that stated "Kassem Hejeij provides financial, material, or technological support for, or financial or other services to or in support of, Hizballah, a person designated pursuant to E.O. 13224." The redactions in the record do not identify pursuant to what authorities the information contained therein is being withheld. Further, there is no affidavit, written affirmation, or confirmation that a relevant official has reviewed and confirmed the appropriateness of the classification of the redacted material or the appropriateness of the redactions.

22.     Given the extent of the redactions in the disclosed administrative record, on June 11, 2018, Hejeij sought disclosure of an unclassified summary of the information redacted from the disclosed administrative record. When OFAC did not substantively respond to that request, Hejeij filed a lawsuit seeking disclosure of that summary. See ECF 1, Civil Complaint, *Hejeij v. Mnuchin*, No. 1:18-cv-01913 (D.D.C. Aug. 15, 2018).

23.     Shortly before their response to Hejeij's lawsuit was due, OFAC released an unclassified summary of the redacted information. The summary makes no representations as to whether it constitutes a full and complete statement of reasons as to the basis for his designation. Further, it makes a series of conclusory allegations without providing any information identifying the who, what, where, and when of those allegations.

24.     Due to the vagueness of the unclassified summary, Hejeij requested clarification as to the meaning of certain information contained in the summary and whether the summary was a full and complete statement of the reasons for the designation.  That request was made on March 13, 2019.  A mere two days later, OFAC rejected the requests stating they had already provided all releasable information to Hejeij.

**D.     Harm Done to Hejeij**

25.     Defendants' action has been personally, professionally, and financially devastating to Hejeij.  As a direct result of OFAC's action, Hejeij resigned from his position at Middle East Africa Bank ("MEAB") and divested his ownership from companies in which he held an interest, including MEAB.   In taking this action—which was necessitated by his designation and the sanctions risks posed to entities with which he maintained a relationship—Hejeij's entire professional life was shattered.

26.     Hejeij has also faced immense difficulties sustaining his livelihood.  For instance, Hejeij has been unable to open or maintain any bank accounts in Lebanon or elsewhere abroad as a direct result of his designation and the potential legal consequences under U.S. law for persons who transact or deal with him.  In order to meet his daily living needs, Hejeij has been forced to make cash payments for all necessary transactions, which causes delay and financial loss to him. Furthermore, Hejeij has been forced to sell off properties that he owns in Lebanon in order to financially support him and his family as a result of the loss of income caused by his designation.

27.     Defendants acknowledge the consequences suffered by persons they designate. Indeed, they have openly lauded the use of sanctions to impose "professional, personal, and financial isolation" for targeted individuals. Press Release, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's

Previous Nuclear Weapons Effort, U.S. Dep't of Treasury, Office of Foreign Assets Control (March 22, 2019).

28.     While the ruinous costs to Hejeij from his designation are incalculable, one thing is clear: the costs continue to compound so long as OFAC refuses to process Hejiej's delisting petition in a timely manner and continues to hide and obfuscate the specific bases, conclusions, and reasons for his designation.

## LEGAL CLAIMS

## COUNT I

### DEFENDANTS' FAILURE TO RENDER A DECISION ON HEJEIJ'S RECONSIDERATION CASE CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

29.     Hejeij re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

30.     Agencies are required to conclude matters before it "within a reasonable time." 5 U.S.C. § 555(b).   A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

31.     Defendants have failed to render a decision on Hejeij's reconsideration petition "within a reasonable time," and this failure constitutes unreasonable delay in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.  Hejeij sought administrative reconsideration nearly 21 months ago, and Defendants have yet to issue a final agency determination regarding this petition, indicate when a final decision may be forthcoming, or seek any additional information from Hejeij needed to adjudicate the delisting petition.

32.     Likewise, Defendants' maintenance of Hejeij's designation under E.O. 13224 and the continued blocking of his assets is arbitrary and capricious, an abuse of discretion, or otherwise

not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, as Hejeij has proposed remedial measures to negate the basis of his designation and OFAC has not responded to his request for negotiation of a Terms of Removal Agreement so that those remedial measures, and any necessary additional measures, can be implemented.

## COUNT II

### HEJEIJ'S CONTINUED DESIGNATION AND THE CONTINUED BLOCKING OF HIS ASSETS CONSTITUTES ARBITRARY AND CAPRICIOUS ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

33.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

34.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

35.     Defendants' maintenance of Hejeij's designation under E.O. 13224 and the continued blocking of his assets is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, because the bases, conclusions, and reasoning in the administrative record compiled in support of Hejeij's designation have been addressed through information submitted during the administrative reconsideration process.  Therefore, OFAC does not have a reasonable basis to believe that Hejeij continues to be involved in the alleged provision of financial, material, or technological support for, or services to or in support of, a person blocked pursuant to E.O. 13224, as required by E.O. 13224.

**COUNT III**

HEJEIJ'S CONTINUED DESIGNATION AND THE CONTINUED BLOCKING OF HIS
ASSETS VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS AND IS
ARBITRARY AND CAPRICIOUS

36.     Hejeij re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37.     Under the Fifth Amendment of the U.S. Constitution, Hejeij has a due process right to adequate post-deprivation notice.  Sufficient notice requires Defendants to apprise Hejeij as to the reasons for his designation so that Hejeij has a meaningful opportunity to respond to the designation, including through disclosure of a full and complete statement of reasons as to why he was designated.

38.     Defendants have not provided sufficient notice for their determination that Hejeij meets the criteria for designation under E.O. 13224—i.e., that Hejeij provides financial, material, or technological support for, or services to or in support of, Hizballah, a person blocked pursuant to E.O. 13224.  Defendants have also failed to provide a full statement of reasons underlying their decision to designate Hejeij under E.O. 13224 and, in certain instances, have failed to provide sufficient detail or evidence to allow Hejeij a meaningful opportunity to rebut OFAC's allegations. Defendants have further failed to respond to Hejeij's requests for clarification regarding the disclosed bases for designation.

39.     For these reasons, Defendants have failed to provide Hejeij with adequate and fair notice of the reasons for his designation under E.O. 13224.  Defendants have thus acted in violation of the Fifth Amendment to the U.S. Constitution.

**RELIEF REQUESTED**

Wherefore, Hejeij respectfully requests that this Court:

A.   Declare and/or order Defendants to rescind Hejeij's designation under E.O. 13224 and remove his name from the SDN List;

B.   Order Defendants to issue a written, reasoned decision on Hejeij's pending delisting petition seeking the rescission of his designation under E.O. 13224;

C.   Order Defendants to disclose a new unclassified summary of the redacted portions of the administrative record previously disclosed to Hejeij which identifies the who, what, where, and when of the allegations contained in that summary;

D.   Order Defendants to respond to the questions posed in Hejeij's March 13, 2019 letter seeking clarifications as to the unclassified summary;

E.   Grant an award to Hejeij of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

F.   Any other and further relief as the Court may deem proper.


Dated:  June 26, 2019

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.___
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
DC Bar No. 978253