# EXHIBIT A



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

Case ID: SDGT-12284

Erich C. Ferrari
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., N.W.
Suite 400
Washington, DC 20004

Dear Mr. Ferrari,

As you are aware, on June 10, 2015, the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) designated your client, Kassem Hejeij, a Specially Designated Global Terrorist pursuant to Executive Order (E.O.) 13224 and placed him on the list of Specially Designated Nationals and Blocked Persons (SDN list). Your client's designation was based upon evidence that he provided support and services to Hizballah, an entity that is also designated pursuant to E.O. 13224 and on the SDN list. Specifically, your client maintained direct ties with senior elements in Hizballah and provided support to the group for a number of years through Middle East and Africa Bank (MEAB), including by working on behalf of Hizballah to manage commercial ventures in Iraq.

The Reporting, Procedures and Penalties Regulations, 31 C.F.R. Part 501 (collectively, the Regulations), provide that designated persons may seek administrative reconsideration of their designation by submitting arguments or evidence that circumstances resulting in their designation no longer apply, or arguments or evidence that they believe establishes that an insufficient basis exists for the designation. Designated persons may also propose remedial steps, such as corporate reorganization, resignation from positions in a blocked entity, or similar steps that the person believes would negate the basis for designation.

In a letter dated October 2, 2017, your client requested that OFAC reconsider his designation as a Specially Designated Global Terrorist. After carefully reviewing all available information, including the evidence in the record regarding your client's designation, classified information, and all of the arguments raised in your written submissions and the material submitted by your client, OFAC has determined that your client has not put forth arguments or evidence establishing that an insufficient basis exists for his designation or that the circumstances resulting in the designation are no longer applicable.

Specifically, your client failed to provide sufficient evidence that he no longer provides support and services to Hizballah. Based on the Federal Bureau of Investigation's interview memo, in a December 2018 interview with the Federal Bureau of Investigation, your client claimed to have no relationship with Hizballah, yet he provided details on Hizballah funding mechanisms and business connections. Your client also provided details on multiple Hizballah-affiliated bankers and money launderers. OFAC has concluded that only a person having intimate familiarity with and ongoing access to senior elements of Hizballah would possess this knowledge. Accordingly,

and in light of other information available to OFAC regarding your client's prior support for and services to Hizballah, OFAC has reason to believe that your client's support and services have not ceased.

Further, OFAC has evidence in its possession that undermines your client's claim that he has never knowingly had any sort of relationship with Hizballah. Indeed, your client met with a Hizballah finance official in 2013 and agreed to make changes to bank accounts held by individuals, entities, and charitable institutions affiliated with Hizballah in order to hide the ties between money laundering activities and Hizballah. Your client's disingenuous denial of any support or affiliation with Hizballah undermines his overall credibility.

Moreover, OFAC finds unpersuasive your client's assertions regarding the audits conducted of MEAB. Your client claimed that financial audits of MEAB did not indicate that he engaged in the conduct identified by OFAC. Given that the focus of the audits was on the financial position and performance of MEAB as of December 31, 2015, at a time when your client allegedly had no relationship with MEAB, it is OFAC's position that the audit report did not assess your client's behavior, and thus did not indicate that your client did not engage in the conduct outlined by OFAC.

In your February 22, 2019 supplemental response to OFAC's March 12, 2018 questionnaire, your client downplayed his commercial ventures in Iraq, including his involvement with Global Cleaners S.A.R.L. To begin, your client noted that while MEAB provided banking services to Global Cleaners S.A.R.L. during his tenure as Chairman, he otherwise had no relationship with the company. While OFAC acknowledges that your client's name does not appear on the corporate record documents your client provided, information available to OFAC indicates that your client was an owner of Global Cleaners S.A.R.L., which provided millions of dollars per year to Hizballah. Further, your client asserts that his assistance in opening two MEAB branches in Basra and Baghdad, Iraq, constituted nothing more than his exploitation of a business opportunity in a "burgeoning market." OFAC, however, has reason to believe that your client opened the Iraqi MEAB branches for reasons other than advancing innocuous commercial interests.

In addition to having direct ties to Hizballah, your client also collaborated with Adham Tabaja, whom OFAC designated in June 2015 for providing support and services to Hizballah. As of early 2014, your client and an individual whom OFAC has reason to believe is Adham Tabaja, were responsible for transferring funds from Hizballah companies in Iraq to Hizballah. Separately, in your supplemental response, your client stated that his relationship with Adham Tabaja was solely through his role as MEAB chairman and that MEAB only provided Adham Tabaja and his companies banking facilities consistent with MEAB's internal procedures. However, your client's description of his relationship with Adham Tabaja as professional in nature does not diminish the fact that he was personally involved in facilitating a customer relationship with Adham Tabaja. These actions demonstrate that your client collaborated closely with Adham Tabaja, a Hizballah member and financier, for the benefit of Hizballah, notwithstanding your client's allegation that the relationship was strictly professional and prior to Tabaja's designation as a Specially Designated Global Terrorist.

In OFAC's March 12, 2018 questionnaire, OFAC noted that providing false or misleading information could result in the denial of the final determination of your client's request for reconsideration. In your June 8, 2018 response to OFAC's questionnaire, you asserted that your client's past role with MEAB was mostly ceremonial and that your client did not have the authority to extend credit unilaterally at the institution. OFAC has reliable evidence in its possession contradicting these assertions. Similarly, you noted that your client "does not maintain any current relationship with MEAB"; "has ceased any and all relationships with MEAB since the time of his designation"; and "upon his resignation and the transfer of his ownership interest in MEAB, [he] ceased his relationship with the bank. Currently [his] sole dealings with MEAB takes place through the bank's lawyers." However, according to information available to OFAC, as of 2018, your client continued to use MEAB on behalf of Hizballah. Moreover, your client continues to oversee the day-to-day operations at MEAB; the management change was merely a change on paper designed to circumvent sanctions.

Consequently, and for the aforementioned reasons, your client's request is denied and your client's name will remain on OFAC's SDN list pursuant to E.O. 13224.

If, in the future, your client decides to pursue the reconsideration process again, he will need to submit a new request, and provide OFAC new evidence as well as any other information that OFAC may request in order to process his request. For expediency purposes, please direct all questions and correspondence to OFAC via the following email: OFAC.Reconsideration@treasury.gov. Your client may also write OFAC at the following:

> U.S. Department of the Treasury
> Office of Foreign Assets Control
> ATTN: Office of Global Targeting
> 1500 Pennsylvania Avenue, N.W. (Freedman's Bank Building)
> Washington, DC 20220

Thank you for your cooperation.

> Sincerely,
>
> *[signature: Bradley T. Smith for]*
>
> Andrea Gacki
> Director
> Office of Foreign Assets Control