## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KASSEM HEJEIJ, <br><br> Plaintiff, <br><br> v. <br><br> ANDREA M. GACKI, Director, <br> Office of Foreign Assets Control, *et al.* <br><br> Defendants. | Civil Action No. 1:19-cv-01921 |

## DECLARATION OF RIPLEY QUINBY

I, Ripley Quinby, declare as follows:

1. I am currently employed as the acting Deputy Associate Director in the Office of Global Targeting ("OGT") at the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"). I have been with OGT as either a contractor or an OGT government employee since 2015, first as a Sanctions Investigator, then as a Section Chief for OGT's Strategic Targeting Section, and finally as an Assistant Director for OGT's Human Rights, Corruption & Counterterrorism Division (which is a position I hold concurrently while serving as acting Deputy Associate Director).

2. As acting Deputy Associate Director, my responsibilities include oversight of all of the activities of OGT, which is in charge of OFAC's designation actions, including those pursuant to Executive Order 13224 of September 23, 2001, "Blocking Property and Prohibiting Transactions with Persons Who Commit, Threaten to Commit, or Support Terrorism," as

i

amended by Executive Order 13886 of September 9, 2019, "Modernizing Sanctions To Combat Terrorism" ("E.O. 13224"). OGT is also the office within OFAC responsible for assessing information provided by a person requesting reconsideration of OFAC's designation determination against all other available information, as well as the office that recommends whether to grant or deny a request for reconsideration.

3. The facts attested to herein are based on my personal knowledge or information made available to me in the course of my official duties.

4. On June 10, 2015, OFAC designated Plaintiff Kassem Hejeij ("Plaintiff") as a Specially Designated Global Terrorist pursuant to E.O. 13224 and placed him on the list of Specially Designated Nationals and Blocked Persons. OFAC designated Plaintiff based on evidence that he provided support and services to Hizballah, an entity that is also designated pursuant to E.O. 13224. Specifically, Plaintiff maintained direct ties with senior elements in Hizballah and provided support to the group for a number of years through the Middle East and Africa Bank ("MEAB").

5. In a letter dated October 2, 2017, Plaintiff requested that OFAC reconsider his designation as a Specially Designated Global Terrorist. After carefully reviewing the evidence before OFAC, including the evidence in the record regarding Plaintiff's designation, classified information, and all of the arguments raised in Plaintiff's written submissions and the material submitted by Plaintiff, OFAC determined on August 29, 2019, that Plaintiff had not put forth arguments or evidence establishing that an insufficient basis exists for his designation or that the circumstances resulting in the designation are no longer applicable. In particular, OFAC explained, among other things, that Plaintiff collaborated closely with Adham Tabaja, a

Hizballah member and financier, for the benefit of Hizballah and continues to use MEAB on behalf of Hizballah as of 2018.

6. As a part of its normal engagement with international financial institutions, the Office of Terrorist Financing and Financial Crimes within the Department of the Treasury ("TFFC") met with counsel for MEAB in March 2018 and September 2018 at MEAB's request. These meetings involved listening to MEAB's description of its operations and view of sanctions generally, and did not focus particularly or exclusively on Plaintiff. Following or in advance of those meetings—and prior to OFAC's decision to deny Plaintiff's request for reconsideration—counsel for MEAB provided TFFC two reports and accompanying documents compiled by a forensic accounting firm commissioned by MEAB. The reports were also provided to OFAC's Policy Division, an entity within OFAC that is independent and distinct from OGT. These reports purported to reflect a view that MEAB was in compliance with U.S. sanctions requirements. The two reports and accompanying documents included limited references to Plaintiff, but they did not primarily concern Plaintiff.

7. Following OFAC's denial of Plaintiff's request for reconsideration, TFFC met with MEAB's counsel for a third time in September 2019, after which TFFC and OFAC's Policy Division were provided another report from the forensic accounting firm. Again, this report purported to reflect a view that MEAB was in compliance with U.S. sanctions requirements, but it did not primarily concern Plaintiff.

8. OGT did not review any of these reports when it considered Plaintiff's request for reconsideration, nor were they provided to OFAC by counsel for Plaintiff during the course of OGT's assessment of his reconsideration request. Indeed, Plaintiff, through counsel, neither provided the three reports in response to the questionnaire OGT submitted to Plaintiff nor

provided them to OFAC independently. Accordingly, the three reports are not a part of the certified administrative record.

9. Nevertheless, since December 27, 2019, OGT has reviewed the three reports and supporting documents provided by MEAB's counsel. None of the information contained in the reports undermines OFAC's conclusion that Plaintiff failed to demonstrate that an insufficient basis exists for his designation or that the circumstances resulting in the designation are no longer applicable. As previously noted, the reports and supporting documents purport to pertain to MEAB's alleged compliance with U.S. sanctions requirements, and most make no reference to Plaintiff.

10. Further, OFAC did not deny Plaintiff's request solely on the basis of his relationship with MEAB. For example, OFAC determined that Plaintiff had not been truthful about his relationship with certain Hizballah officials, including Adham Tabaja, a Hizballah member and financier.

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2020

Ripley Quinby
Acting Deputy Associate Director
Office of Global Targeting
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Freedman's Bank Building
Washington, DC 20220