IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KASSEM HEJEIJ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:19-01921 (TFH) |
| ANDREA M. GACKI, *et al.*, | ) |
| Defendants. | ) |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Kassem Hejeij respectfully responds to Defendants' notice of supplemental authority, ECF No. 18, which addressed the United States Court of Appeals for the District of Columbia's unpublished decision in *Joumaa v. Mnuchin*, No. 19-5166 (D.C. Cir. March 3, 2020). In *Joumaa*, the D.C. Circuit held that the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") had "reasonably determined" that an individual designated under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, failed to "show that the rationale behind his original designation was never true or is no longer true." Judgment, Doc. No. 1831373, at 2 (internal citations omitted).

Defendants argue *Joumaa* is relevant to this Court's consideration of the parties' pending cross-motions for summary judgment as the D.C. Circuit confirmed that Hejeij's "claim under 5 U.S.C. § 706(2) requires the Court to consider whether the record as a whole—not discrete pieces of evidence—adequately supports OFAC's decision." Defs. Notice of Suppl. Authority, ECF No. 18. Defendants' apparent suggestion that Hejeij has argued otherwise is misleading. Instead, Hejeij has argued that certain of OFAC's findings in support of its denial of Hejeij's delisting petition are

arbitrary and capricious in violation of the Administrative Procedure Act ("APA") and that the Court is not in a position to affirm OFAC's decision because that decision relies on those unlawful findings. Nothing in *Joumaa* contradicts this argument.

Hejeij also respectfully submits that *Joumaa* is relevant to the arguments set forth in the parties' pending cross-motions for summary judgment for an altogether different reason than that suggested by Defendants. First, while Defendants have characterized the D.C. Circuit's discussion of due process in *Fares v. Smith* as "dicta," Defs. Opp. to Pl.'s Cross-Mot. for Summ. J. and Reply Mem. at 30, ECF No. 11, the *Joumaa* court restates *Fares*' "*holding* that, in certain circumstances, the government may provide a sufficiently detailed classified summary 'in lieu of classified evidence[.]'" Judgment, Doc. No. 1831373, at 2 (emphasis added). Second, the *Joumaa* court held that OFAC had satisfied its due process obligations through its disclosure of "'the unclassified portions of the administrative record,' and [its provision of] sufficiently detailed summaries of the classified sections." *Id*. (internal citations omitted). Third, the *Joumaa* court reiterated *Fares*' holding that—while, "in certain circumstances, the government may provide a sufficiently detailed summary 'in lieu of classified evidence'—the government "may be required" to provide "further process" in certain cases. *Id*. In other words, *Joumaa* acknowledged (and did not contradict) *Fares*' requirement that OFAC provide "sufficiently detailed summaries of the classified sections" of the administrative record when its decision relied on classified evidence. It further acknowledged *Fares*' notice that those detailed summaries may not always prove sufficient in and of themselves to satisfy the agency's due process obligations. These holdings have clear import to the instant dispute between the parties, as relayed in the summary judgment briefings.

March 16, 2020                                                          Respectfully submitted,

                                                                        /s/ Erich C. Ferrari

2

                    Erich C. Ferrari, Esq.
                    FERRARI & ASSOCIATES, P.C.
                    1455 Pennsylvania Avenue, NW
                    Suite 400
                    Washington, D.C. 20004
                    Telephone: (202) 280-6370
                    Fax: (877) 448-4885
                    Email: ferrari@falawpc.com
                    D.C. Bar No. 978253

                    *Counsel for Plaintiff*
                    *Kassem Hejeij*