IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KASSEM HEJEIJ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREA M. GACKI, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:19-01921 (TFH)<br>)<br>)<br>)<br>)<br>)<br>) |

### **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Kassem Hejeij respectfully submits this response to Defendants' notice of supplemental authority, ECF No. 22, which addressed the United States District Court for the District of Columbia's memorandum opinion in *Rakhimov v. Gacki*, Mem. Op., Civ. No. 19-2554 (JEB), Dkt. No. 24. In *Rakhimov*, the court held that the plaintiff—a foreign national residing outside the United States—lacked standing to assert claims under the Fifth Amendment, including procedural due process claims, because Rakhimov "failed to establish a substantial connection to [the United States]." *Id*. at 9-10. The court acknowledged that the D.C. Circuit "has not articulated a specific test for determining whether a foreign national residing outside the United States maintains the requisite 'substantial connections,'" but nevertheless determined that Rakhimov "ha[d] not established any connection to the United States, let alone a substantial one." *Id*. at 9, 10 (quoting *Fulmen Group v. Office of Foreign Assets Control*, No. 18-2949, 2020 WL 1536341, at *5 (D.D.C. Mar. 31, 2020) (internal quotations removed).

In *Rakhimov*, the court also found that—with respect to his administrative due process claim under the Administrative Procedure Act ("APA")—"Rakhimov ha[d] been provided with

sufficient information regarding the 'basis' for his designation such that he may meaningfully participate in the reconsideration process." *Id*. at 14. The court found it "well-established . . . that the APA does not require OFAC to provide [Rakhimov] with the classified or law-enforcement-privileged information supporting his designation." *Id*. For this reason, the court stated that it "need not . . . impose the unprecedented remedy of mandating the issuance of an unclassified summary or allowing his counsel access to classified material." *Id*. at 16.

Defendants argue that *Rakhimov* is relevant to this Court's consideration of the parties' cross-motions for summary judgment because Hejeij's pleading does not allege "any factual allegations that could plausibly support a finding that [he] has substantial connections with the United States." Defs. Notice of Suppl. Authority, ECF No. 22, at *2. Defendants contend that *Rakhimov* "is relevant to resolving [Hejeij's] request that the Court order OFAC to produce an unclassified summary or allow his counsel access to the classified record," noting that, "[a]s in *Rakhimov*, the Court [] should decline to grant such 'unprecedented' relief." *Id*. at 3.

Hejeij refers the Court to the D.C. Circuit's instruction that courts "need not decide whether [plaintiffs] are entitled to constitutional protections" where, "even assuming that they are, they have received all the process that they are due under our precedent." *Jifry v. F.A.A.*, 370 F.3d 1174, 1183 (D.C. Cir. 2004). This Court has comported with this command and has abstained from "reach[ing] the antecedent question of whether Plaintiffs are entitled to the protections of the Due Process Clause" where the court has determined that the notice provided comports with due process requirements. *Fares v. Smith*, 249 F. Supp. 3d 115, 122 (D.D.C. 2017); *see also Joumaa v. Mnuchin*, Mem. Op., No. 17-2780 (TJK) at *20 (D.D.C. Apr. 10, 2019); *Kadi v. Geithner*, 42 F. Supp. 3d 1, 28 (D.D.C. 2012) (finding that "if the jurisdictional facts 'are inextricably intertwined with the merits of the case,' the issue of standing need not be conclusively resolved, but instead

the court should 'defer its jurisdictional decision until the merits are heard.'"). In *Rakhimov*, the court appears to have acted inconsistent with *Jifry*'s instruction.

Hejeij also notes that the court's finding that the APA "does not require OFAC to provide [a designated person] with the classified or law-enforcement-privileged information supporting his designation" is in apparent contradiction to that "fundamental tenet of administrative law," as identified in *Tourus Records v. DEA*. In that case, the D.C. Circuit held "that an agency's failure to set forth its reasons for a decision constitutes arbitrary and capricious agency action for purposes of the APA," at least where the underlying administrative record or any other agency disclosures fails to adequately disclose the basis for the agency's action. *Tourus Records v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001) (citing *Roelofs v. Sec. of the Air Force*, 628 F.2d 594, 599 (D.C. Cir. 1980)).

April 23, 2020                                          Respectfully submitted,

                                                        /s/ Erich C. Ferrari
                                                        Erich C. Ferrari, Esq.
                                                        FERRARI & ASSOCIATES, P.C.
                                                        1455 Pennsylvania Avenue, NW
                                                        Suite 400
                                                        Washington, D.C. 20004
                                                        Telephone: (202) 280-6370
                                                        Fax: (877) 448-4885
                                                        Email: ferrari@falawpc.com
                                                        D.C. Bar No. 978253

                                                        *Counsel for Plaintiff*
                                                        *Kassem Hejeij*